

FILED
SEPT. 24, 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUD ROSSMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-02415 (UNA) |
| | ) |
| PETER NEWSHAM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor

meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Plaintiff, a resident of Washington, D.C., sues the Metropolitan Police Department ("MPD"), two MPD officers and the Chief of the MPD, the District of Columbia Mayor, and several John Does. As to the latter, the Local Rules of this court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." D.C. LCvR 5.1(c)(1).

Plaintiff has filed a rambling prolix complaint that bears some similarity to several of the other nearly 30 other cases filed by plaintiff in this court, most of which have been summarily dismissed. *See, e.g., Rossman v. Sewell, et al.*, No. 20-cv-01425 (UNA) at Memorandum Opinion & Order, ECF Nos. 5, 6 (June 8, 2020, dismissing as frivolous), *aff'd*, No. 20-7064 (Jan. 13, 2021); *Rossman v. Austin, et al.*, 20-cv-01117 (UNA) at Memorandum Opinion & Order, ECF Nos. 3, 4 (June 1, 2020, dismissing for want of subject matter jurisdiction), *aff'd*, No. 20-7050 (D.C. Cir. Dec. 9, 2020).

In this matter, plaintiff uses a large portion of the complaint to discuss his own supposed credentials and accomplishments, as well as his social, business, and political connections. *See* Compl. at 3–8, 11–14. He purports to bring this case in "multiple federal courts, D.D.C., EDVA, etc." *Id.* at 1–28. He goes on to contend that he has, for many years, been a victim of "a criminally unlawful pattern of conduct by certain dirty cops in this jurisdiction – and, among others, especially in Fairfax County, Virginia." *Id.* at 1. He believes this conspiracy has also been perpetuated against him by various other professionals, politicians, and other "billionaires, or similar personal net worth individuals[.]" *Id.* at 1, 3, 7–8, 14–17, 22–4. As an example, plaintiff alleges that he was

stabbed in an apartment building in July 2021, but instead of properly caring for him or investigating the actual alleged criminal and crime, he maintains that the police instead unfairly arrested him on a "false warrant." *See id.* at 3, 8–9, 16–17–22. He contends that this particular incident was a direct result of a conspiracy forged between "John 'Max' Finland, and his father, Bruce Finland, [of] Macarthur Development Partners, LLC[,]" the MPD, and others, to continually harass and falsely arrest him on multiple occasions. *Id.* at 3, 7–8, 15, 17, 22–4.

The remainder of the complaint devolves into a diatribe of insults, slurs, general grievances, and unintelligible typing. *See id*. at 7–9, 15–18, 22, 23 n.10, 24, 26, 26 n.12, 27. It also attaches numerous exhibits without explanation. *See* ECF No. 1-1; *see also* D.C. LCvR 5.1(e) (a pleading "shall [not] have appended thereto any document that is not essential to determination of the action."). Plaintiff demands millions of dollars in damages and various forms of injunctive relief, including: an order barring the police from ever interacting with him again, "housing voucher portability," "man to man combat" or a "duel" to the death, reinstatement of his rights to carry firearms, and "immediate termination of 'Miriam's Kitchen.' " *Id.* at 25–7.

The complaint fails to meet the minimum pleading standard set forth in Rule 8(a). The digressive allegations comprising the complaint fail to provide adequate notice of a claim. The connection of the defendants to one another and to the intended claims and causes of action, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this court's jurisdiction, or a valid basis for relief. Therefore, the court will dismiss the complaint pursuant to U.S.C. § 1915(e)(2)(B)(ii). An order consistent with this memorandum opinion is issued separately.

DATE: September 24, 2021            _____/s/_____
                                    AMY BERMAN JACKSON
                                    United States District Judge